E-FILED on     5/3/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHELLY ROHM,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES HOMER, an individual, GERALDO ESPARZA, an individual, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION 270, a labor union, and DOES 1-100, INCLUSIVE,<br><br>        Defendants. | No. C-04-02949 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>[Re Docket No. 22] |

Plaintiff Shelly Rohm ("Rohm") sued her former employer, International Laborers' Union of North America, Local Union 270 ("Local 270"), and her former supervisors, James Homer ("Homer") and Geraldo Esparza ("Esparza") (collectively "defendants") for wrongful termination of employment. Defendants move for judgment on the pleadings on Rohm's first, second, third, fourth, and sixth causes of action. Rohm opposes the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants defendants' motion in part and denies it in part.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH

## I. BACKGROUND

Rohm's complaint alleges as follows. Rohm began working for Local 270 on September 10, 2001 as Homer's secretary. Compl. ¶ 9. Her job performance was satisfactory. Compl. ¶ 9. However, she was "subject to severe harassment," including (1) Esparza "continually offer[ing] alcohol . . . during business hours in a threatening manner"; (2) being "constantly sworn at by managing employees"; (3) being "prohibited . . . from contacting police when the office was vandalized and her vehicle was vandalized multiple times"; (4) having her car "keyed" and finding a nail in her tire; (5) being called "a stupid white girl" by Esparza; (6) being prohibited from reporting "suspect union activity, including potential embezzlement" to law enforcement; (7) "[b]eing told by employee Leo Valdez that he 'dreams about' [her], and referencing [her] in 'cement' shoes"; and (8) being "subject to continued personal attacks and threats against her person and her family," including a phone call on March 1, 2003 in which "an unidentified caller told [her], 'we don't like snitches.'" Compl. ¶ 11.

On December 20, 2001, Esparza entered Rohm's office and closed the door. Compl. ¶ 33. He placed a bottle of tequila and a shot glass on Rohm's desk. Compl. ¶ 33. He "approached and touched [Rohm's] upper body with his upper body, leaning forward and wedging [her] against the corner with no exit." Compl. ¶ 33. Rohm told Esparza to get out of her office. Compl. ¶ 34. She immediately reported Esparza's actions to Homer. Compl. ¶ 34. Homer said that "this happens often with . . . Esparza" but that Homer could do nothing about it because "Esparza is an officer on the union board and employee." Compl. ¶ 35.

Because of the "severe stress caused by th[is] employment environment," Rohm took medical leave. Compl. ¶ 13. On May 8, 2003, Rohm filed a discrimination claim against Local 270 with the Equal Employment Opportunity Commission ("the EEOC"). Compl. ¶ 28. In October 2003, she informed Local 270 that she was ready to return to work in January 2004. Compl. ¶ 29. In December 2003, Homer told her that she had been fired because she had "vacated her position." Compl. ¶¶ 9, 13. Homer also said that "he could justify paying a 'Hispanic girl' not a 'white girl' based on union membership being 95% Hispanic." Compl. ¶ 13. In fact, Local 270 terminated Rohm's employment because of a disability and in retaliation for the fact that she filed a discrimination claim. Compl. ¶¶ 10, 30.

On July 24, 2004, Rohm filed this complaint.[1]  Her six causes of action are styled (1) "Violation of [the] Americans with Disabilities Act; Title VII"; (2) "Unlawful Discrimination Because of Race; Title VII"; (3) Violation of [the] California Fair Employment Hous[ing] Act[;] Gov't Code § 12940(a)"; (4) Violation of [the] California Fair Employment Hous[ing] Act[;] Gov't Code § 12940(j)(k); (5) "Retaliatory Discharge"; (6) "Sexual Harassment in [a] Business Relationship[;] Civil Code §§ 51.9, 52(b)."

## II.  ANALYSIS

### A.  Standard For Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft,* 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004).  A motion for judgment on the pleadings is similar to a motion to dismiss.  "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

### B.  Rohm's First and Third Causes of Action for Disability Discrimination

Rohm alleges that Local 270 "failed to accommodate [her] illness in a reasonable manner" and "wrongfully fired her" because of "her illness." Compl. ¶ 15, 22.  Rohm claims that Local 270's conduct violated two statutes that prohibit disability discrimination: the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA"), and the California Fair Housing and Employment Act, Cal. Gov't Code §§ 12920 *et. seq.* ("the FEHA").  Defendants argue that Rohm has failed to allege that she meets the requirement of either statute.  In addition, Homer and Esparza assert that even if the court determines that Local 270 is guilty of disability discrimination, they cannot be held liable as individuals.

#### 1.  ADA Claim

The ADA's employment-related provisions protect "qualified individuals with a disability." 42 U.S.C. § 12112(a).  Defendants argue that Rohm fails to allege that she is such an individual.  The ADA

---

[1] Rohm alleges that she has met all administrative prerequisites for filing this complaint. Compl. ¶ 14.

defines a "disability" as, *inter alia*, "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). A "physical impairment" includes "[a]ny physiological disorder[ ] or condition" that affects a major body system. 29 C.F.R. § 1630.2(h)(1). A "mental impairment" is "[a]ny mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h)(2).

Defendants argue that Rohm's allegations that she suffered from an "illness" and "severe stress" do not suffice to show that she was either physically or mentally impaired. Compl. ¶¶ 13, 16. The court disagrees. "'[S]tress' and 'depression' are conditions that may or may not be considered impairments, depending on whether these conditions result from a documented physiological or mental disorder." *Holihan v. Lucky Stores, Inc.,* 87 F.3d 362, 366 n.3 (9th Cir. 1996) (quoting EEOC Technical Assistance Manual on the Employment Provisions (Title I) of the Americans With Disabilities Act § 2.1(a)(i), at II-3 (1992)). The court may only grant a motion for judgment on the pleadings when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." *New.Net, Inc.,* 356 F. Supp. 2d at 1115. Because it is possible that Rohm will prove that her stress stemmed from a "documented physiological or mental disorder," the court rejects defendants' argument.[2]

Defendants also argue that Rohm fails to allege that her impairment "substantially limits . . . [a] major life activity." Rohm argues that because Federal Rule of Civil Procedure 8(a)(2) only requires complaints to contain "a short and plain statement," she has sufficiently pled this element. Both sides find support in *Poindexter v. Atchison, Topeka and Santa Fe Railway Co.,* 168 F.3d 1228 (10th Cir. 1999). In that case, the Tenth Circuit discussed pleading requirements under the ADA, but seemed to contradict itself:

---

[2] Defendants cite *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1062 (7th Cir. 2000) and *Sanders v. Arneson*, 91 F.3d 1351, 1354 (9th Cir. 1996) for the proposition that "[d]epression or stress triggered by a personality conflict with a particular supervisor does not establish a plaintiff's disability." Both cases arose in the summary judgment context and are thus inapposite. In *Schneiker*, the Seventh Circuit held that "standing alone," the plaintiff's stress did not make her "disabled" because she failed to prove that she could not work for a different supervisor. *Schneiker*, 200 F.3d at 1062. Here, Rohm may prove that her "stress" was sufficiently "severe" that she could not work for someone else. Similarly, in *Sanders*, the Ninth Circuit held that a four-month psychological impairment with "no long-term residual effects" did not constitute a "disability." *Sanders*, 91 F.3d at 1354. Because of the early stage of this litigation, the length and severity of Rohm's alleged impairment are unclear.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH                                                                                  4

> We emphasize that in order to state a claim under the ADA, a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment. This holding does not in any way change the federal notice pleading requirements. A plaintiff has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue.

*Id*. at 1232. However, every court to address the issue since *Poindexter* has held that "an ADA plaintiff, at the pleading stage, is not required to explicitly assert a substantially limited major life activity." *EEOC v. Northwest Airlines*, 216 F. Supp. 2d 935, 939 (D. Min. 2002); *see also EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 852-55 (6th Cir. 2001) ("[a] plaintiff would be wise to mention her specific limited major life activity, but failing to do so is not fatal to her complaint"); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 117 n.2 (3d Cir. 1998) (holding that plaintiff's bare allegation that his disability is "a disorder recognized . . . under the" ADA was "sufficient to meet the notice pleading requirements").[3] The court agrees with this line of authority. The purpose of Rule 8 is to "give the defendant fair notice of the claim and its supporting facts." *J.H. Routh Packing Co.*, 246 F.3d at 854. When a plaintiff claims to be impaired, it is not too difficult to infer which life activities the impairment affects. This approach is also in harmony with *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). In that case, the Supreme Court held that an employment discrimination plaintiff need not plead a prima facie case of discrimination because "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . . ." *Id*. at 514 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).[4] Thus, the court holds that a plaintiff who pleads an impairment with clarity need not explicitly identify a "substantially limit[ed] . . . major life activity" to survive a motion for judgment on the pleadings.

In her complaint, Rohm does not expressly claim that she has been "substantially limit[ed] in a "major life activity." As noted above, however, she is not required to do so. Her allegation that defendants' allegedly hostile workplace caused her "severe stress" gives defendants adequate notice of the basis for her claim. Moreover, although Rohm does not use the words "substantially limited" or "major life activity," she does allege that the "severe stress" caused her to take leave from work. Compl. ¶ 13. "[W]orking is a

---

[3] The court is not aware of any Ninth Circuit authority on the issue.

[4] Moreover, when confronted with a vague complaint, a defendant may move under Federal Rule of Civil Procedure 12(e) for a more definite statement.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH                                                              5

major life activity under the ADA." *Holihan v. Lucky Stores, Inc.*, 87 F.3d 362, 366 (9th Cir. 1996) (citing 29 C.F.R. § 1630.2(i)). Defendants point out that "[f]or an impairment to substantially limit one's ability to work, it must not merely prevent one from working at a particular job; it must prevent one from working at a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3). Yet the court cannot decide whether Rohm's "stress" actually inhibited her ability to work in "a broad range of jobs" on a motion for judgment on the pleadings.

Finally, defendants claim that *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279 (D. N.M. 2002) elucidates why Rohm's pleadings are inadequate. In that case, Sheets claimed that being transferred to the department where her dead husband once worked exacerbated her depression. *Id*. at 1282. Sheets also obliquely claimed that she was later "injured." *Id*. at 1283. Reasoning that "it is unclear whether . . . Sheets' purported impairment is the identified depression, the unspecific injury, or both," the court granted the employer's motion to dismiss without prejudice. *Id*. A fair reading of Rohm's complaint, however, reveals no such ambiguity. Although Rohm claims to suffer from "severe stress" and an "illness," it is clear that the "illness" is her "stress." Rohm describes her "stress" in the general allegations section of her complaint; it is only in the specific causes of action that she refers to her "illness." Thus, unlike *Sheets*, Rohm seeks recovery for one, specified impairment. For these reasons, the court denies defendants' motion.

### 2. FEHA Claim

The FEHA prohibits discrimination against individuals who have a "physical disability, mental disability, or medical condition." Cal. Gov't Code § 12920 *et seq*. The FEHA is broader than the ADA and "afford[s] additional protections." Cal. Gov't Code § 12926.1(a). For example, "the definitions of "physical disability" and "mental disability" . . . require a 'limitation' upon a major life activity, but do not require . . . a 'substantial limitation.'" Cal. Gov't Code § 12926.1(c); *see also Colmenares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019, 1030 (2003) ("the FEHA does not require the federal test's substantial limitation of a major life activity"). In addition, under the FEHA, "'working' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments." Cal. Gov't Code § 12926.1(c). Because Rohm's pleadings fulfill the ADA's more stringent standards, they also suffice under the FEHA.

### 3. Claims Against Homer and Esparza

Homer and Esparza argue that they cannot be held individually liable as a matter of law for Local 270's alleged disability discrimination under either the ADA or the FEHA. The ADA forbids discrimination by "employer[s]." An "employer" is "a person engaged in an industry affecting commerce who has 15 or more employees . . ., and any agent of such person." 42 U.S.C. § 12111(5)(A). Rohm contends that it is possible that this court will find that Homer and Esparza were acting as "agents" for Local 270, and thus meet the statutory definition of "employer."[6]

The court disagrees. "[T]he actual reason for the 'and any agent' language in the definition of 'employer' was to ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents," not to make "agent[s]" individually liable. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995); *see also Miller v. Maxwell's Intern. Inc.,* 991 F.2d 583, 587 (9th Cir. 1993) (noting in the similar context of Title VII and the ADEA that the "statutory scheme itself indicates that Congress did not intend to impose individual liability on employees"); *Cai v. Chiron Corp.*, 2004 WL 1837985 *4 (N.D. Cal. 2004) ("individual[s] cannot be liable under the ADA"); *Stern v. California State Archives,* 982 F.Supp. 690, 692 (E. D.Cal. 1997) ("[t]here is no individual liability even where the supervisor is the employer's 'agent'").

Similarly, the FEHA prohibits "an employer" from discriminating. Cal Gov't Code § 12940(a). An "employer" includes "any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly . . . ." Cal. Gov't Code § 12926 (d). The California Supreme Court has held that "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998). Thus, both Rohm's ADA and FEHA disability discrimination claims must be dismissed with prejudice against Homer and Esparza as individuals.

### C. Rohm's Second and Fourth Causes of Action for Racial Discrimination Against Homer and Esparza

---

[5] In their reply brief, Homer and Esparza assert that Rohm "has not opposed" their motion for judgment on the pleadings on the issue of their individual liability under the ADA or the FEHA. Rep. Br. Supp. Mot. J. Plead. at 4:19-24. In fact, Rohm does oppose this aspect of their motion. Opp. Mot. J. Plead. at 4:1-17.

1   Rohm's second cause of action is for "[u]nlawful [d]iscrimination [b]ecause of [r]ace" under Title
2   VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Rohm alleges that she was "wrongfully
3   terminated" because of her race. Compl. §§ 18, 19. Rohm's fourth cause of action makes identical claims
4   under the FEHA. Homer and Esparza argue that they cannot be individually liable for racial discrimination
5   under either Title VII or the FEHA.

6   **1.     Title VII**

7   Homer and Esparza argue that binding Ninth Circuit precedent holds that individuals cannot be
8   liable for racial discrimination under Title VII. Homer and Esparza are correct. *See Miller*, 991 F.2d at
9   588 (in discrimination claim under Title VII "the defendants in their individual capacities properly were
10  dismissed for failure to state a claim").[6]

11  **2.     FEHA**

12  Likewise, Homer and Esparza contend that the California Supreme Court has held that individuals
13  cannot be personally liable for racial discrimination under the FEHA. Again, Homer and Esparza are
14  correct. *See Reno*, 18 Cal. 4th at 663. Thus, Rohm's racial discrimination claims against Homer and
15  Esparza as individuals are dismissed with prejudice.

16  **D.     Rohm's Second and Fourth Causes of Action for Racial Harassment**

17  Rohm's second and fourth causes of action also allege that she was "subject to harassment and
18  improper conduct because of her race." Compl. ¶¶ 18, 24. Rohm claims defendants' conduct violated
19  both Title VII and the FEHA. Defendants argue that Rohm's pleadings fail to establish actionable racial
20  harassment.

21  To establish a *prima facie* hostile work environment claim under Title VII or the FEHA,[7] a plaintiff
22  must show that "(1) she was 'subjected to verbal or physical conduct' because of her race, (2) 'the conduct
23  was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [her]

---

[6] Rohm's cites *Hamilton v. Rogers*, 791 F.2d 439, 442-43 (5th Cir. 1986) for the proposition that "some courts have reasoned that supervisory personnel and other agents of the employer are themselves employers for purposes of liability." Opp. Mot. Jud. Plead. at 4:5-7. However, *Miller* called *Hamilton* "unsound" and "suspect." *See Miller*, 991 F.2d at 587.

[7] California courts "have been guided in their interpretations of FEHA by the federal court decisions interpreting Title VII." *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 464 (1998).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH                                                                                   8

employment and create an abusive work environment.'" *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir.2002)).  Defendants argue that it is only "'a working environment *heavily* charged with ethnic or racial discrimination'" that can violate Title VII. Rep. Br. Supp. Mot. J. Plead. at 7:12-14 (quoting *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971) (emphasis added).  Defendants claim that Rohm only alleges a single incident of racial harassment: being called a "stupid white girl." Mot. Supp. J. Plead. at 10:21-22.  Therefore, defendants argue, Rohm fails to plead racial harassment as a matter of law.

Defendants' argument is unpersuasive.  For one, it ignores the complaint's other allegations: (1) that Homer told Rohm "he could justify paying a 'Hispanic girl' not a 'white girl,'" Compl. ¶ 13;[8] (2) that managing employees "constantly swor[e]" at Rohm, Compl. ¶ 11; and (3) that Rohm "was subject to harassment and improper conduct because of her race."  Compl. ¶¶ 18, 24.  At this stage, Rohm can still show that some of her general allegations of harassment stemmed from racial bias.  Moreover, after *Swierkiewicz*, a Title VII plaintiff "need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Swierkiewicz,* 534 U.S. at 514-15 (complaint was adequate when it "detailed the events leading to [the] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with [the] termination").  Although defendants are correct that a hostile work environment must be "extreme" to be actionable, the fact-specific issue of whether defendants created such an environment is not appropriate for a motion for judgment on the pleadings.[9]

**E.   Rohm's Sixth Cause of Action for Violation of the Unruh Civil Rights Act**

Rohm alleges that Esparza's alleged sexual harassment violated the Unruh Civil Rights Act, California Civil Code §§ 51.9 and 52(b) ("the Act").  Compl. ¶¶ 11, 33-38.  The Act provides that "[a]ll

---

[8]   Defendants acknowledge this additional allegation in their reply brief. Rep. Supp. Mot. J. Plead. at 7:24-25.

[9]   Defendants provide no examples of courts deciding this issue on a motion for judgment on the pleadings or a motion to dismiss. *Manatt* affirmed the trial court's grant of summary judgment in favor of an employer when the employee could only show that she had been subject to "simple teasing" and "offhand comments." *Manatt*, 339 F.3d at 798.  Even without the benefit of a fully-developed summary judgment record, Rohm's allegations are far more serious.  Defendants also cite *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal. 4th 121, 131 (1999) for the proposition that "'occasional, isolated, sporadic, or trivial' acts are usually not enough to alter the conditions of employment and create a hostile environment." Rep. Br. Supp. Mot. J. Plead. at 7:15-22.  However, *Aguilar* made this comment in passing and does not illuminate the circumstances under which a racial harassment claim is inadequate as a matter of law.

persons within the jurisdiction of this state are free and equal, and no matter what their sex . . . [and] are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51.  The Act focuses on rectifying "discrimination against recipients of [a] 'business establishment's . . . goods, services, or facilities'" and therefore excludes "the employer-employee relationship." *Isbister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72, 83 (1985); *see also Sprewell v. Golden State Warriors,* 266 F.3d 979, 989 (9th Cir. 2001) (challenge to contract termination "stemmed from . . . employment relationships" and thus failed to state a claim under the Act); *Strother v. S. Cal. Permanente Medical Group*, 79 F.3d 859, 873-74 (9th Cir. 1996) (doctor cannot bring discrimination claim under Act against medical group because "her relationship to the [m]edical [g]roup is more like that of an employee than that of a 'client, patron or customer'").

Rohm claims that, in 1994, the Legislature amended the Act to create liability "for sexual harassment . . . when there is a business, service, or professional relationship between the plaintiff and defendant." Cal. Civ. Code § 51.9(a)(1).  The amendment provides several examples of the relationships to which it applies, including the relationship between a plaintiff and a "physician, psychotherapist, or dentist . . . attorney, holder of a master's degree in social work, real estate agent, real estate appraiser, accountant, banker . . . landlord or property manager . . . [and] teacher."  Rohm claims that the Legislature stated when amending the Act that "[i]t is unlawful to harass an *employee* . . . because of, among other things, sex." Opp. Mot. J. Plead. at 5:20-21 (quoting Legis. Council's Dig., Sen. Bill No. 612 (1994 Reg. Sess.) (emphasis added)).

Rohm is mistaken.  In its entirety, the Legislative material from which Rohm quotes states:

> *Existing law makes it unlawful to harass an employee or employment applicant because of, among other things, sex.* These provisions are enforced by the Department of Fair Employment and Housing.  General provisions of existing law specify that all persons have the right to be free from violence or intimidation by threat of violence, against their persons or property, because of certain bases of discrimination.  [¶]  This bill would provide a cause of action for sexual harassment that occurs as part of a professional relationship, as specified.

Legis. Council's Dig., Sen. Bill No. 612 (1994 Reg. Sess.) (emphasis added).  Thus, contrary to Rohm's claim, the Legislature amended the Act to supplement statutes that forbid workplace harassment with a provision applicable to "professional relationship[s]."  The Legislature did not intend to extend the Act into

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH                                            10

1  the employer-employee context. *See Brown v. Smith*, 55 Cal. App. 4th 767, 787-88 (1997) (amendment
2  was intended only "to plug [a] hole in the civil rights law").

3      Alternatively, Rohm claims that the Act applies to Esparza because "a service/professional
4  relationship existed such that [Rohm] was an employee of Local 270 and Esparza was a member of the
5  Executive Board of the union." Opp. Mot. J. Plead. at 5:15-16. However, nothing in the complaint
6  suggests that Rohm and Esparza had a "business, service, or professional relationship." Cal. Civ. Code §
7  51.9. Rohm merely alleges that she "was employed" by Local 270. Compl. ¶ 9. She does not claim that
8  she was a member of the union or a client of Esparza. Her sixth cause of action is thus dismissed without
9  prejudice.[10]

10  ### III. ORDER

11      For the foregoing reasons, the court grants and denies defendants' motion for judgment on the
12  pleadings as follows:

13      1. Defendants' motion on Rohm's first and third causes of action is denied except for Rohm's ADA
14  and FEHA disability discrimination claims against Homer and Esparza as individuals, which are dismissed
15  with prejudice.

16      2. Defendants' motion on Rohm's second and fourth causes of action is denied except for Rohm's
17  Title VII and FEHA racial discrimination claims against Homer and Esparza as individuals, which are
18  dismissed with prejudice

19      3. Rohm's sixth cause of action for violation of the Unruh Civil Rights Act is dismissed without
20  prejudice. Rohm is given twenty days leave to amend.

23  DATED:       4/22/05                              /s/ Ronald M. Whyte
24                                                   RONALD M. WHYTE
                                                     United States District Judge

---

[10] Out of an abundance of cation, the court dismisses Rohm's claim without prejudice. Although it may be unlikely, it is theoretically possible that Rohm could allege new facts that bring her within the ambit of the Act.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS—
C-03-05807- RMW
DOH                                                 11

1 **Notice of this document has been electronically sent to:**

3 **Counsel for Plaintiff(s):**

4 Leslie Holmes                               lholmes@hoganlaw.com

5 Stephen J. Usoz                             susoz@hoganlaw.com

7 **Counsel for Defendant(s):**

8 Sandra Rae Benson                           courtnotices@vanbourg.com

9 Alan G. Crowley   courtnotices@unioncounsel.net

12 Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
13 e-filing under the court's CM/ECF program.

16 **Dated:**      5/3/05                              /s/ DOH

17                                            **Chambers of Judge Whyte**